

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed June 28, 2006                                                    **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| MANUEL LARA JR. and § | CASE NO. 05-86792-BJH-13 |
| MARGARET G. LARA, § | |
| § | |
| Debtors. § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

      Manuel Lara, Jr. and Margaret G. Lara (the "Debtors") filed this Chapter 13 bankruptcy case on October 31, 2005. At issue here is confirmation of the Debtors' proposed Chapter 13 plan of reorganization (the "Plan"). The Chapter 13 trustee objects to confirmation of the Plan on the grounds that the Plan fails to satisfy the disposable income test of § 1325(b)(1)(B). Specifically, the Trustee and the Debtors disagree over how to calculate certain expense allowances under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 37 (2005) ("BAPCPA"), and the extent to which certain expense deductions are permitted at all

under BAPCPA. The Court has core jurisdiction over the issues raised in connection with this confirmation hearing in accordance with 28 U.S.C. §§ 1334 and 157(b). This Memorandum Opinion and Order constitutes the Court's findings of fact and conclusions of law.

**I.     The Means Test and its Impact upon Chapter 13 Plans**

When read together, §§ 1325(b)(1), 1325(b)(2), and 707(b)(2)(A)(ii)(I) of the Bankruptcy Code permit a debtor to deduct certain standard expense allowances that have been developed by the Internal Revenue Service ("IRS") from his current monthly income in order to properly calculate the amount of his projected disposable income, which then must be dedicated to the payment of claims under a plan of reorganization. These standard expense allowances are found at www.usdoj.gov/ust/eo/bapcpa/meanstesting.htm. According to the IRS, these standards are used to determine a taxpayer's ability to pay a delinquent tax. The IRS has developed two broad categories of standard deductions. The so-called "National Standards" reflect amounts that are deemed to be reasonable expenditures for five categories of expenses.[1] The amount of a debtor's expense allowance under the National Standards will vary depending upon his income and the number of people in the debtor's household. Here, the Debtors and the Trustee agree that the Debtors' National Standards expense allowances aggregate $1,430.00, and that the Debtors are entitled to an additional food and clothing expense allowance of $54.00.

The IRS has also established "Local Standards" for transportation and housing costs. Transportation costs are divided into two categories for car owners: ownership costs and operating costs. The ownership cost standards provide maximum allowances for the lease or purchase of up

---

[1]These expenses include food, housekeeping supplies, apparel and services, personal care products and services, and miscellaneous expenses. Internal Revenue Manual, Financial Analysis Handbook, Sec. 5.15.1.8, http://www.irs.gov/irm/part5/ch15s01.html#d0e176448.

**Memorandum Opinion and Order**                                                                                            **Page 2**

to two vehicles by a debtor and/or the debtor's spouse and dependants, while the operating cost standards reflect amounts deemed reasonably necessary to operate up to two cars. If a debtor has a car payment, he is entitled to deduct both the standard ownership costs and the standard operating costs for that car. For cases filed before February 13, 2006, ownership costs were fixed on a national basis at $475.00 for the first car and $338.00 for the second car. The standard expense allowance for operating costs depends upon the region and city of the taxpayer's residence. In the Dallas/FortWorth region at the time this bankruptcy case was filed, a debtor was permitted to deduct, as vehicle operating costs, $332.00 per month for one car and $425.00 per month for two cars. Here, the Debtors and the Trustee disagree over the amount of the Debtors' allowable transportation ownership costs and operating costs, which will be discussed further below.

The IRS "Local Standards" also include standard expense allowances for housing[2] and utilities.[3] These standard allowances are determined by the county of the debtor's residence. Here, the Trustee and the Debtors agree that the permitted housing and utilities allowance is $425.00 per month.

A debtor is also entitled to deduct his actual monthly expenses for the categories specified as "Other Necessary Expenses" by the IRS.[4] 11 U.S.C. § 707(b)(2)(A)(ii)(I). Here, the Debtors and

---

[2]These expenses include the debtor's mortgage or rent, property taxes, interest, parking, necessary maintenance and repair, homeowner's or renter's insurance, homeowner dues and condominium fees. Internal Revenue Manual, Financial Analysis Handbook, Sec. 5.15.1.9, http://www.irs.gov/irm/part5/ch15s01.html#d0e176448.

[3]These include the debtor's expenses for gas, electricity, water, fuel, oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning, and telephone. Internal Revenue Manual, Financial Analysis Handbook, Sec. 5.15.1.9, http://www.irs.gov/irm/part5/ch15s01.html#d0e176448.

[4]The categories of expenses identified by the IRS as "Other Necessary Expenses" are accounting and legal fees, charitable contributions, child care, court-ordered payments, dependent care, education, health care, involuntary deductions, life insurance, secured or legally perfected debts, unsecured debts, taxes, optional

**Memorandum Opinion and Order** **Page 3**

the Trustee agree that the Debtors may deduct, as Other Necessary Expenses, their actual expenses for: (i) taxes of $2,197.70, (ii) mandatory payroll deductions of $64.07, (iii) life insurance of $224.79, (iv) health care of $38.65, (v) health insurance of $353.75, and (vi) charitable contributions of $1,668.90.

Finally, the Debtors and the Trustee agree that the Debtors may deduct the following additional monthly payments of: (i) $1,361.45 for debts, (ii) $30.00 for priority claims, and (iii) $400.49 for qualified retirement deductions. Of course, in order to properly calculate the amount of the Debtors' disposable income, the Court must determine the Debtors' current monthly income, from which the appropriate expense allowances will be deducted. While a question arose during the confirmation hearing about the amount of the Debtors' current monthly income, the parties anticipated being able to agree upon this amount. And, shortly after the conclusion of the confirmation hearing, the Court was advised that the Debtors and the Trustee agree that the Debtors' current monthly income is $11,009.73.

## II.   The Debtors' Disputed Deductions

As noted previously, the Debtors and the Trustee disagree over the appropriate amount of certain expense allowances, and/or whether any additional expense allowance is permitted at all, in calculating their disposable income. Each disputed expense deduction will be addressed separately.

First, the Debtors contend that each of them is entitled to claim the one vehicle ownership expense allowance, regardless of whether there is any debt or lease payment on that vehicle. The Trustee contends that no ownership allowance is permitted unless there is a debt or lease payment

---

telephones and telephone services, student loans, internet provider/e-mail, and repayment of loans made for payment of federal taxes. Internal Revenue Manual, Financial Analysis Handbook, Sec. 5.15.1.10, http://www.irs.gov/irm/part5/ch15s01.html#d0e176448.

**Memorandum Opinion and Order**                                                                                                        **Page 4**

related to the vehicle. While this dispute arose prior to the decision in *In re Hardacre*, 338 B.R. 718 (Bankr. N.D. Tex. 2006), the *Hardacre* decision disposes of this issue in the Trustee's favor. Accordingly, for the reasons stated in *Hardacre*, *id*. at 728, the Debtors are only entitled to a one vehicle ownership expense allowance of $475.00, less the actual monthly payment of $25.00 on the vehicle, plus an additional allowance of $200.00 due to the age of the vehicle, for a total expense allowance of $650.00 per month.

Second, the Debtors contend that they are entitled to an expense allowance of $664.00 per month for their vehicle operating costs. The Debtors come to this expense allowance amount by taking the one vehicle operating costs allowance of $332.00 and multiplying it by two, claiming that each debtor in a joint case is entitled to take the one vehicle allowance amount. In contrast, the Trustee contends that the Debtors in a joint case are only entitled to the two vehicle operating expense allowance of $425.00.

The Court agrees with the Trustee based upon the language of § 707(b)(2)(A)(ii)(I), which provides that

> [t]he debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, *and the spouse of the debtor in a joint case*, if the spouse is not otherwise a dependent.

11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). The Court concludes that this language does not permit each debtor in a joint case to take a one vehicle expense allowance. Rather, the debtor and the spouse of the debtor in a joint case are considered a unit for means-testing purposes, and they are entitled to take the vehicle expense allowance applicable to their household – here, the two vehicle

**Memorandum Opinion and Order**           **Page 5**

expense allowance. Accordingly, the Debtors are entitled to a vehicle operating cost expense allowance of $425.00.

Third, the Debtors contend that they are entitled to an Other Necessary Expense deduction of $224.79 for insurance premiums for two term life insurance policies – one for each of the Debtors. While the Trustee agrees that the premium on term life insurance policies falls within one of the Other Necessary Expense categories, he remains concerned with the amount of the monthly premium, contending that premiums have gone down substantially since the Debtors took out the policies some fifteen years ago. However, based upon the evidence presented at the hearing, the Court concludes that the Debtors' actual monthly expenses for their term life insurance policies is $224.79, and that the Debtors are entitled to deduct this amount from their monthly income to calculate their disposable income.

Fourth, the Debtors contend that they are entitled to an Other Necessary Expense deduction of $322.72 for their monthly telecommunication expenses. Mr. Lara testified that the Debtors' home phone bill is $109.00 per month, with $26.00 of this amount being spent for high speed internet access. Mr. Lara further testified that he and his wife each have cell phones, a requirement of their jobs, one at a monthly cost of $89.00 and one at a monthly cost of $94.00. Finally, Mr. Lara testified that he spends an additional $27.00 per month for another dial up internet access.[5]

The Trustee agrees that certain telephone and telephone expenses qualify as "Other Necessary Expenses." And, while the Trustee does not dispute the fact that these are the Debtors' actual monthly expenses for the telephone services identified by Mr. Lara, he does contest their legal right to deduct certain of these amounts from their monthly income when calculating disposable income.

---

[5]These monthly charges total $319.00, not the $322.79 identified in the Joint Pre-Trial Order.

**Memorandum Opinion and Order** **Page 6**

Specifically, the Trustee contends that the Debtors are entitled to $26.00 per month for internet access, and $150.00 per month for two cell phones. According to the Trustee, the amount spent each month for (i) basic telephone service is included in the housing and utility costs already provided for in the Local Standards, (ii) cells phones is excessive, and (iii) dial up internet access is unnecessary. So, according to the Trustee's calculations, the Debtors should be permitted an Other Necessary Expense telecommunications allowance of $176.00 per month.

Based upon the evidence introduced at trial, the Court concludes that the Debtors will be permitted an Other Necessary Expense telecommunications allowance of $209.00 per month. This includes $26.00 for high speed internet access and $183.00 for the Debtors' cell phones. While the cell phone expense seems high, as the Trustee contends, the Trustee failed to put on any evidence that the Debtors could obtain comparable services for a lesser amount.[6] However, the Debtors failed to prove that the $27.00 monthly expense for dial up internet access is necessary for the health and welfare of the Debtors or for their production of income, given the Court's previous approval of a $26.00 expense for high speed internet access. Finally, the Court agrees with the Trustee that the $83.00 spent each month on basic phone service is included in the Local Standard housing and utility allowance.

Fifth, the Debtors contend that they are entitled to an Other Necessary Expense allowance of $400.00 for additional transportation expenses. Mr. Lara testified that the Debtors' incurred significant additional expenses in operating their two vehicles than the $664.00 allowance they believe

---

[6] In deciding whether an expense is an allowable Other Necessary Expense, the Court concludes that the Debtors bear the initial burden of proving that a requested expense is (i) their actual monthly expense, (ii) within one of the categories identified as an Other Necessary Expense by the IRS, and (iii) necessary for their health and welfare or for the production of income. Once the Debtors satisfy this burden, the burden of going forward with the evidence shifts to the Trustee.

they are entitled to under the Local Standards.[7] In total, Mr. Lara testified that because of the age of, and number of miles on, their two vehicles, and the location of their home and their respective places of employment, the Debtors spend about $1,064.00 per month for gasoline, oil, and repairs and maintenance on their vehicles. According to the Debtors, because these expenses are necessary for the Debtor's production of income, the expenses should be found to satisfy the Other Necessary Expenses test as described in the Financial Analysis Handbook of the Internal Revenue Service Manual, which states that

> [o]ther expenses may be considered if they meet the necessary expense test – they must provide for the health and welfare of the taxpayer and/or his or her family or they must be for the production of income. This is determined based on the facts and circumstances of each case.

Internal Revenue Manual, Financial Analysis Handbook, Sec. 5.15.1.10, http://www.irs.gov/irm/part5/ch15s01.html#d0e176448.

As the Trustee points out, the problem with the Debtors' argument is the language of § 707(b)(2)(A)(ii)(I) itself, which specifically provides that a debtor is entitled to deduct the debtor's "actual monthly expenses *for the categories* specified as Other Necessary Expenses issued by the Internal Revenue Service . . . " (emphasis added), and the fact that there is no category of transportation expense in the IRS' list of Other Necessary Expenses. Accordingly, the Debtors are not entitled to an additional transportation expense allowance as an Other Necessary Expense.

Sixth, the Debtors contend that they are entitled to an Other Necessary Expense allowance of $100.00 for recreation expenses. There are two problems with this request: (1) the Debtors offered no evidence in support of their contention that this expense is necessary for their health and

---

[7]The Court previously concluded that the Debtors are only entitled to a $425.00 allowance. *See supra* at p. 5-6.

**Memorandum Opinion and Order** **Page 8**

welfare or their production of income, and/or (2) there is no category of recreation expense in the IRS' list of Other Necessary Expenses. For either of these reasons, the Debtors are not entitled to a recreation expense allowance as an Other Necessary Expense.

### III. Conclusion

For the reasons stated herein, the Plan is not confirmed. The Plan will be confirmed if it is amended to (i) reduce the Local Standard vehicle operating cost allowance to $425.00, (ii) reduce the Local Standard vehicle ownership cost allowance to $650.00, (iii) reduce the telecommunications Other Necessary Expense allowance to $209.00, (iv) eliminate the additional transportation expenses, and (v) eliminate the recreation expense.

**SO ORDERED**.

### End of Order ###